UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) ) | 2:18-CR-00161-DCLC-CRW |
| v. | ) ) | |
| KENNETH DEWAYNE MCINTOSH, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 954].

I.   BACKGROUND

On September 3, 2019, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking offense [Doc. 325]. Based on a total offense level of 31, a criminal history category of IV, and the consecutive 60-month term of imprisonment for pursuant to 18 U.S.C. § 924(c), Defendant's guideline range was 211 to 248 months [Doc. 581, ¶ 80]. On December 19, 2019, the Court sentenced Defendant to a total term of 211 months' imprisonment to be followed by a five-year term of supervised release [Doc. 696]. Defendant is currently housed at USP Lee with a projected release date of December 16, 2033. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 7, 2025). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 954].

1

Case 2:18-cr-00161-DCLC-CRW    Document 988    Filed 03/10/25    Page 1 of 3
PageID #: 8735

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence in Greene County General Sessions Court [Doc. 581, ¶ 51]. If sentenced today, Defendant would receive one status point under U.S.S.G. § 4A1.1, resulting in a total of 8 criminal history points rather than 9. But Defendant would still be in criminal history category IV and his guideline range would be the same. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 954] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
